# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JAMES W. WOODWARD and )
DESTINY BROWN, )
 )
        **Plaintiffs,** )
 )
v. ) Case No. 09-1410-JTM
 )
DCCA, INC., et al., )
 )
        **Defendants.** )
 )
 )

## MEMORANDUM AND ORDER

Plaintiffs' pending motions and the respective rulings are set forth in greater detail below.

**1. Motion to Proceed In Forma Pauperis (Doc. 3)**

The court has reviewed plaintiffs' affidavit of financial resources and finds that they qualify to proceed without the payment of fees and costs.

**IT IS THEREFORE ORDERED** that plaintiffs' motion for leave to file this action without payment of the filing fee **(Doc. 3)** is **GRANTED.** Because plaintiffs proceed in forma pauperis, the clerk of the court shall take the appropriate steps to serve defendants with the summons and complaint. See 28 U.S.C. 1915(d) & Fed. R. Civ. P. 4(c)(2). **Note:** As discussed below, plaintiffs have been granted leave to amend their

complaint and have been ordered to file their amended complaint. Service of the summons and complaint shall be deferred until the amended complaint is filed.

**2. Motion for the Appointment of Counsel**

In evaluating whether to appoint counsel to represent plaintiffs, the court considers (1) plaintiffs' ability to afford counsel, (2) plaintiffs' diligence in searching for counsel, (3) the merits of plaintiffs' case, and (4) plaintiffs' capacity to prepare and present the case without the aid of counsel. See Castner v. Colorado Springs Cablevision, 979 F.2d 1417, 1420-21 (10th Cir. 1992). Thoughtful and prudent care in appointing representation is necessary so that willing counsel may be located; however, the indiscriminate appointment of volunteer counsel to undeserving claims wastes a precious resource and may discourage attorneys from volunteering their time. Id. at 1421.

After careful consideration, the court declines to appoint counsel to represent plaintiffs. Plaintiffs' motion reflects minimal efforts to secure counsel and the court is not persuaded that plaintiffs have made a diligent effort to secure counsel. Equally important, plaintiffs' complaint and motions reveal an "above-average" legal sophistication and suggest that they are capable of presenting their claims (at least at this stage of the lawsuit) without the aid of counsel. Under the circumstances, the court declines to appoint counsel. **IT IS THEREFORE ORDERED** that plaintiffs's motion for the appointment of counsel **(Doc. 4)** is **DENIED.**

### 3. Motion to Stay or Proceed With Lawsuit

The genesis of this lawsuit is an action in state court to terminate parental rights that apparently has not concluded. Plaintiffs call the courts attention to the state proceeding and simply ask this court to decide whether to stay the case or proceed.

Plaintiffs' motion is extremely limited and provides no grounds for staying the proceedings in this case. Accordingly, the case will proceed and defendants may assert whatever defenses are appropriate to plaintiffs' lawsuit.

**IT IS THEREFORE ORDERED** that plaintiffs' motion to stay the case **(Doc. 6)** is **DENIED.** The status of the case and future proceedings will be reevaluated after defendants are served and respond to the complaint.

### 4. Motion for Service

Plaintiffs move the court for an order directing that service of the summons and complaint be served by the U.S. Marshall. The court previously granted plaintiffs' motion to proceed in forma pauperis and directed the clerk of the court to serve the defendants with the summons and complaint. Accordingly, this motion is MOOT.

**IT IS THEREFORE ORDERED** that plaintiffs' motion for an order directing service of process **(Doc. 7)** is **MOOT.**

### 5. Motion "for Permission to File Brief on Civil Complaint"

Plaintiffs, in a one paragraph motion, request permission to "file a Brief/Memorandum in their 42 U.S. C. 1983 action." No explanation or legal

justification for filing a "brief" has been provided; therefore, the motion shall be DENIED AT THIS TIME. The court's ruling is without prejudice to the filing of the brief if plaintiffs shows a valid reason for filing the brief.[1]

**IT IS THEREFORE ORDERED** that plaintiffs' motion for permission to file a brief **(Doc. 8)** is **DENIED WITHOUT PREJUDICE.**

## 6. Motion to Exclude References to the Record

Plaintiffs move the court for an order "allowing them to present the facts of their case in the History section of their Brief without references to the state court record." (Doc. 12). There is no "brief" before the court concerning any contested motion and, at best, it appears that this motion is premature. Accordingly, the motion shall be DENIED WITHOUT PREJUDICE.

**IT IS THEREFORE ORDERED** that plaintiffs' motion to "exclude reference to the record" **(Doc. 12)** is **DENIED WITHOUT PREJUDICE.**

## 7. Motion to Amend Complaint

Plaintiffs move to amend their complaint to add Chad Crum as a defendant in this case. Fed. R. Civ. P. 15(a) allows a party to amend the complaint once as a matter of course before a defendant files an answer. Defendants have not been served nor have

---

[1] The brief is not attached to the motion and apparently is 58 pages long. There is no indication why plaintiffs wish to file the brief.

they filed answers in this case; accordingly, plaintiffs' motion to amend shall be GRANTED.

**IT IS THEREFORE ORDERED** that plaintiffs' motion to amend (**Doc. 14**) shall be **GRANTED.** Plaintiffs shall file their amended complaint on or before **May 5, 2010.** Because plaintiffs proceed in forma pauperis, the clerk of the court shall take the necessary steps to serve Mr. Crum with the amended summons and complaint.

**8. Motion for Service**

Plaintiffs again request that the court direct that the U.S. Marshall serve the defendants. As noted above, the clerk of the court has been directed to serve the defendants and this motion is MOOT.

**IT IS THEREFORE ORDERED** that plaintiffs' motion for service (**Doc. 16**) is **MOOT.**

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 22nd day of April 2010.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge