IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES W. WOODWARD AND
DESTINY BROWN,

        Plaintiffs,

        vs.                                  Case No. 09-1410-JTM

DCCCA INC., ET AL,

        Defendants.

MEMORANDUM AND ORDER

This is an action for damages brought by pro se plaintiffs James Woodward and Destiny Brown, the parents of A.W., a child removed from their custody in proceedings in Butler County Kansas District Court. The plaintiffs have sued, among numerous others, District Court Judge Charles Hart, District Magistrate Judge Rebecca Lindamood, former Governor of Kansas Kathleen Sibelius, and their former court-appointed attorneys, Thomas McDowell and Joshua Andrews, alleging various constitutional deprivations. These defendants have filed motions to dismiss (Dkt. 67, 71, 85) the claims of Brown and Woodward, and the court finds that these motions should be granted.

On August 14, 2006, a police officer removed A.W. from the plaintiffs' care, and three days later, Butler County Magistrate Lindamood presided over a post-removal hearing. The plaintiffs allege that Magistrate Lindamood ordered them to take drug tests, determined that A.W. was a child in need of care, imposed a reintegration plan, ordered that A.W. be placed into foster care,

recommended the termination of plaintiffs' parental rights. Subsequently Judge Hart allegedly ordered the termination of the plaintiffs' parental rights, and continued A.W.'s placement in foster care. The Complaint also alleges that, in September 2006, drug tests indicating that both of the plaintiffs had taken amphetamines or other illegal unprescribed substances were flawed.

The Complaint further alleges that on or about September 21, 2006, Magistrate Judge Lindamood adjudicated A.W. a child in need of care, and implemented a case plan which required that plaintiffs complete all the tasks in the case plan before A.W. would be returned to their custody. Further, in a permanency hearing held on February 4, 2008, Magistrate Lindamood recommended the termination of plaintiffs' parental rights.

Testimony was presented to the District Court in a hearing held on August 5 and 6, 2008. According to the Complaint, the District Court, in an order filed December 29, 2008, permanently terminated the plaintiffs' parental rights and ordered that A.W. be placed for adoption. However, the Kansas Court of Appeals subsequently reversed and remanded this decision.

The plaintiffs allege that venue was inappropriate in Butler County, there was inadequate evidence to support the drug testing and the test results were false, that their attorneys were a part of a conspiracy to compel them to agree to make incriminating statements, and that the evidence did not support the termination of parental rights.

All of the previously-named defendants seek dismissal based upon one or more of the following grounds: (1) abstention, (2) Eleventh Amendment immunity, (3) judicial immunity, (4) qualified immunity, (5) the absence any colorable claim under 42 U.S.C. § 1986, (6) the statute of limitations, and (7) the absence of any other non-frivolous claims under 28 U.S.C. § 1915(e)(2)(B). The court finds that dismissal should be granted for the reasons provided herein.

To survive a motion to dismiss, a complaint must contain factual allegations that "raise a right to relief above a speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). This requires the pleading of "only enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. Thus, the complaint must contain allegations that create a claim for relief not just speculatively but plausibly. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir.2008). Under this standard, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claim is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L. C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir.2007). The pleadings of plaintiffs acting without the benefit of counsel are held to a less stringent standard, *McBride v. Deer*, 240 F.3d 1287, 1290 (10th Cir.2001), but this deference "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based [and] conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (citations omitted).

The court finds that dismissal is appropriate, first, in light of the ongoing state court proceedings relating to A.W. Federal courts should abstain from exercising jurisdiction over a matter where ongoing state proceedings, reflecting an exercise of important state interests, are ongoing and provide an adequate forum to hear the plaintiffs' claims. *See Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir.1997). The Complaint here seeks monetary damages against court-appointed counsel and the former governor of Kansas. While the Complaint disclaims any monetary damages directly against Judge Hart or Magistrate Lindamood, it seeks a determination that they "have committed

unconstitutional acts and made rulings which have violated Plaintiffs civil and constitutional rights." (Dkt. 1, at 14). Although the plaintiffs argue in their responses to the motions to dismiss that abstention is inappropriate since they are not directly asking the court "to retrieve this child," (Dkt. 87, at 5), the court finds that the requested relief of multi-million dollar damage claims directed at key investigative and legal representatives, combined with declaratory and injunctive relief against judicial officers, all of which are tied to findings of constitutional deprivations, would clearly interfere in the ability of the Kansas courts to fully, fairly, and completely resolve the issues surrounding ongoing issues of custody and parental rights.

The ongoing state proceedings relate to the care, custody and control of a minor child, matters in which the interests of the State of Kansas are legitimate and significant. Further, the various claims advanced here by plaintiffs involve the weight and sufficiency of the evidence supporting decisions regarding a child in need of care. As matters affecting the custody of a child, a matter traditionally left to the states, the issues presented here represent a particularly strong basis for the court to decline jurisdiction pursuant to *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). The court finds no reason to believe that the plaintiff's arguments, to the extent they may have any merit, cannot be fully and fairly resolved by the Kansas courts.

Defendants argue that, in addition, should the state case proceed to final judgment, the relief sought by plaintiffs herein would be barred by the *Rooker-Feldman* doctrine, which recognizes that, with the exception of habeas corpus, federal review of final state court judgments is available only in the United States Supreme Court. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); 28 U.S.C. § 1257. This doctrine, however, is implicated only where the federal action is commenced

after the completion of the state proceedings. Exxon Mobil v. Saudi Basic Indus., 544 U.S. 280, 284 (2005).

Defendants Hart and Lindamood argue that the claims against them are barred by the Eleventh Amendment. *See Duke v. Grady Mun. Sch.*, 127 F.3d 972, 974 (10th Cir.1997). The Eleventh Amendment does not bar actions for damages or declaratory relief against state officials or employees in their individual capacities. *Clajon Prod. Corp. v. Petera*, 70 F.3d 1566, 1571 n. 9 (10th Cir.1995). The plaintiffs argue that they have brought claims against the defendants in their individual capacities, and that these defendants "made their choices of their own personal selves and it is those choices plaintiffs are now holding them accountable for." (Dkt. 87, at 6). The only relief sought against the judicial defendants appears to be declaratory in nature. (Dkt. 1, at 14). Accordingly, the court will not dismiss the claims against these defendants on Eleventh Amendment grounds.

However, the court finds that these defendants are entitled to the protection of judicial immunity. *See, e.g., Pierson v. Ray,* 386 U.S. 547 (1967). Judicial immunity provides immunity from suit, not just from an assessment of damages. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). In response to the defendants' judicial immunity argument, the plaintiffs argue that venue for the action properly belonged in Sedgwick rather than Butler County, and that certain provisions of Kansas law governing children in need of care cited by the court had been repealed. (Dkt. 87, at 7-8). In fact, these provisions were amended rather than repealed. *See* Kan. L. 2006, ch. 200. In any event, the court finds that the protection of judicial immunity cannot be defeated by the expediency of citing good-faith errors in the acts of the judge, since such immunity is not overcome even by allegations of bad faith or malice. *See Pierson v. Ray*, 386 U.S. 547, 554 (1967). Nor is there

evidence that jurisdiction in Butler County court was completely absent, *see Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978), since the relevant Kansas statute broadly allows for child in need of care actions where a child may be found. K.S.A. 38-2204(a). And the alleged facts indicate that A.W. was at one time found in Butler County. The judicial defendants were engaged in activities normally performed by a judge and are entitled to immunity.

The court finds that the civil rights claims against defendants Sibelius, Andrews, and McDowell also should be dismissed, as the plaintiffs have failed to allege any claim of racial or other invidious animus under 42 U.S.C. § 1985 or 1986. With respect to former Governor Sibelius, the plaintiffs merely allege that "she did nothing to prevent further damage" to the plaintiffs after their initial deprivations. (Dkt. 70 at 17). As noted earlier, the plaintiffs allege that somehow the attorney defendants "compelled" Woodward to make incriminating statements. With respect to the attorneys and former governor, the plaintiffs have failed to demonstrate or even allege they acted under color of state law for purposes of liability under 42 U.S.C. § 1983. See *Olson v. Stotts,* 9 F.3d 1475, 1477 (10th Cir. 1993); *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1263 (D. Kan. 2008). With respect to all the non-judicial defendants seeking dismissal, the plaintiffs have also failed to allege their actions were premised on any racial animus or some comparable class-based motive. *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993). Accordingly, these claims should be dismissed.

Next, the court finds that defendants Hart, Lindamood, and Sibelius are entitled to qualified immunity. Such immunity is extended to public officers whose actions do not violate any clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In determining the application of such immunity, the court asks, first, whether the plaintiff has asserted a violation of a constitutional or statutory

right, and then determines if the asserted right was so clearly established that a reasonable person in the officer's position should have known his actions would violate that right. *Pride v. Does*, 997 F.2d 712, 716 (10th Cir.1993). Here, the plaintiffs have failed to demonstrate the actions of the two judicial officers and former governor violated any clearly established right. These defendants are thus entitled to qualified immunity.

The Court next finds that the statute of limitations bars the present claims. Claims under 42 U.S.C. § 1983 and § 1985 must be filed within the same time period as those for personal injury actions, which in Kansas is two years. *Shaw v. Simmons*, 91 Fed.Appx. 95 (10th Cir.2004). 42 U.S.C. § 1986 claims must be filed within one year.

The plaintiffs filed their Complaint on December 24, 2009. The only conduct alleged to have occurred within two years of that date are hearings conducted or orders issued in February, August and December 2008. The conduct cited by the plaintiffs in this action occurred more than two years prior to the time they filed the Complaint. The only action occurring after that date was the final order terminating plaintiffs' parental rights to A.W., and this order no long remains in effect, having been subsequently reversed and remanded by the Kansas Court of Appeals. The original child in need of custody findings and drug testing, upon which the subsequent order was based, occurred more than two years prior to the Complaint. Because any constitutional deprivations in the form of the removal of A.W. or illegal drug testing would have been immediately apparent, the time for filing any action began to run on the date of those violations. See *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir.), cert denied, 549 U.S. 1059 (2007).

Under 28 U.S.C. § 1915(e)(2)(B), the court shall dismiss a complaint by a person proceeding *in forma pauperis* if the court finds the complaint is frivolous, fails to state a claim upon which relief

7

may be granted, or seeks monetary damages from a person immune to such. In light of the findings and conclusions set forth previously, the court finds that the action against these defendants should be dismissed under § 1915(e)(2)(B).

Following the completion of the briefing on the defendants' Motions to Dismiss, the plaintiffs submitted two additional motions, a motion to "disallow defenses" (Dkt. 100) (specifically the *Younger* and *Rooker Feldman* abstention doctrines discussed previously herein) and a Motion for Declaratory Judgment (Dkt. 101), effectively a request for an injunction directly seeking to overturn an apparent ruling by the state court that the plaintiffs are unfit parents. The court finds that neither motion provides any adequate basis for relief, and their denial inevitable in light of the present Order.

The first motion is effectively a surreply and presents no valid argument not previously presented to the court. Surreplies are heavily disfavored, *Johnson v. Roberts*, 721 F.Supp.2d 1017, 1021 (D. Kan. 2010), are permitted only in "the most extraordinary circumstances," and even then only by prior approval of the court. *Beckner v. Astrue*, No. 06-1012-JTM, 2007 WL 2013608, *1 (D. Kan. July 9, 2007). In the present case, neither of these conditions exist. The request for injunctive relief is apparently predicated on a decision by defendant Judge Hart that the plaintiff's parental rights should be terminated. (Dkt. 101, at ¶ 7). The relief sought is "an emergency injunction against the state court's finding" on the custody issue. (*Id*. at 6). This relief sought cannot be granted in light of the court's conclusions elsewhere in the present Order.

IT IS ACCORDINGLY ORDERED this 6th day of January, 2011, that the Motions to Dismiss of the defendants (Dkt. 67, 71, 85) are hereby granted, the Motion to Disallow and the Motion for Declaratory Judgment of the plaintiffs (Dkt. 100, 101) are hereby denied.

s/J. Thomas Marten<br>
J. THOMAS MARTEN, JUDGE