# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JAMES W. WOODWARD and )
DESTINY BROWN, )
                                                                                         )
         **Plaintiffs,** )
)
v. )   Case No. 09-1410-JTM
)
DCCA, INC., et al., )
)
         **Defendants.** )
)
)

## MEMORANDUM AND ORDER

Plaintiffs' pending motions and the respective rulings are set forth in greater detail below.

### 1. "Revised Motion for Permission to Exclude References to the Record in Preparing Brief/Memorandum" (Doc. 22)

Plaintiffs, pro se, request permission to file a "brief/memorandum" without reference to "any state court record." Doc. 22, p. 1.[1]  No explanation or legal justification for filing a "brief/memorandum" has been provided.  Because plaintiffs have failed to adequately explain their reasons for filing such a document, the court is unwilling to grant

---

[1] The court previously denied a similar motion for similar reasons. Memorandum and Order, Doc. 17.  Plaintiffs' "revised" motion fails to correct the earlier noted deficiencies.

their vague request for leave to file a brief/memorandum without references to "the record." The court's ruling is without prejudice if plaintiffs show a valid reason for filing such a brief.

**IT IS THEREFORE ORDERED** that plaintiffs' "revised motion" (**Doc. 22**) is **DENIED WITHOUT PREJUDICE.**

**2. Plaintiffs' Motion to Strike (Doc. 56)**

Plaintiffs move to strike "defendant Randy Coffman's fourth defense in her answer to plaintiffs' civil complaint." Doc. 56.[2] Coffman's "fourth defense" asserts that the Rooker-Feldman doctrine bars any relief from state court judgments and that this court is barred from reviewing the decisions of the state courts. Plaintiffs argue that this defense is not applicable because "the state court proceedings are still active."

Defendant agrees that it would be inappropriate to enter an order of dismissal under the Rooker-Feldman doctrine prior to the filing of a final judgment in the underlying state court custody proceeding. However, Coffman's answer merely places plaintiffs on notice that she will assert this defense "if and when" a state court judgment relevant to this case becomes final. Under the circumstances, plaintiffs' request to strike this "defense" is denied.

---

[2] Plaintiffs mis-identified this defendant as Randy/Randi Kauffman in the original complaint and defendant's answer affirmatively asserts that her name is Randy Coffman, Plaintiffs' request that this misspelling be corrected without the need for filing a motion to amend is **GRANTED.** The clerk of the court shall take appropriate steps to reflect on the docket that the correct name for this defendant is "Randy Coffman."

Plaintiffs also requests that their responses "to all defense issues" be delayed until all answers or motions are filed so that they may conserve mailing expenses. The court declines this request. Plaintiffs shall file their responses to the defense motions consistent with the deadlines set forth in the court's local rules.

**IT IS THEREFORE ORDERED** that plaintiffs' motion to strike **(Doc. 56)** is **DENIED.**

### 3. Motion for Discovery (Doc. 74)

Plaintiffs move the court for an order requiring the defendants "to produce all the records and files in [the state court case] to plaintiffs or . . . order a Martinez Report." Defendants oppose the motion, arguing that plaintiffs have served no discovery requests nor have they followed any of the rules of civil procedure for compelling discovery. The court agrees. Additionally, defendants Lindamood, Hart, Sebelius, McDowell, and Andrews have been dismissed and are no longer parties to this case. Accordingly, the motion "for Discovery" shall be DENIED.

**IT IS THEREFORE ORDERED** that plaintiffs' **Motion for Discovery (Doc. 74)** is **DENIED.**

### 4. Motion to "Add a Party and Establish a Limited Power of Attorney" (Doc. 84)

Plaintiffs move the court for an order (1) adding David L. Woodward, father of James Woodward, as an interested non-party in this matter and (2) granting David L. Woodward a "limited power of attorney" to consult, mentor, and co-author motions and

documents submitted to the court. The motion shall be DENIED. Although David L. Woodward has a familial association with one or both of the plaintiffs in this case, he has no individual claim justifying his addition to the case. Moreover, he is not a licensed attorney admitted to practice before this court; therefore, he cannot represent the plaintiffs in this case.[3]

**IT IS THEREFORE ORDERED** that plaintiffs' motion to add a party and establish a limited power of attorney **(Doc. 84)** is **DENIED.**

### 5. Motion to Clarify (Doc. 93)

Plaintiffs seek clarification concerning their duty to provide copies of all filed documents to the defendants in this lawsuit. Specifically, plaintiffs argue that they are proceeding in forma pauperis and do not have the financial resources to mail copies to every defendant.

The service of documents on defendants should be discussed, in the first instance, with opposing counsel to determine the most efficient method for serving documents. For example, this court utilizes an electronic docketing system and electronic notices of court filings are automatically sent to every attorney of record in the case. Moreover, some attorneys represent multiple defendants in this case and service should be sent to counsel rather than *every* defendant.

Because there is no evidence that plaintiffs conferred with defense counsel before

---

[3] David L. Woodward is an inmate incarcerated in the El Dorado state prison facility.

seeking judicial intervention, the motion for clarification **(Doc. 93)** shall be **DENIED WITHOUT PREJUDICE.**

**6. Motion to Produce (Doc. 95)**

Plaintiffs move for production of records from the state court proceeding concerning their minor children. Defendants oppose the motion, arguing that plaintiffs *have and are* receiving documents and transcripts from the state court proceeding as evidenced by a transcript attached to an earlier brief filed in this case (Doc. 88-1). More importantly, the "motion to produce" does not comply with any of the rules of civil procedure concerning motions to compel.

The court agrees that plaintiffs' motion fails to comply with any of the federal rules of civil procedure concerning discovery requests and motions to compel. Accordingly, the motion shall be DENIED WITHOUT PREJUDICE.

**IT IS THEREFORE ORDERED** that plaintiffs' motion "to produce" **(Doc. 95)** is **DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that all discovery in this case shall be deferred pending a ruling on defendants' motions to dismiss.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 24th day of March 2011.

                                           S/Karen M. Humphreys
                                           _____
                                           KAREN M. HUMPHREYS
                                           United States Magistrate Judge