IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES W. WOODWARD AND
DESTINY BROWN,

    Plaintiffs,

vs.                             Case No. 09-1410-JTM

DCCCA INC., ET AL,

    Defendants.

MEMORANDUM AND ORDER

This matter arises from a Kansas state court proceeding in which the child of *pro se* plaintiffs Destry Brown and James Woodward was determined to be in need of care and removed from their custody. Brown and Woodward seek monetary damages against various court officers and state agents associated with that decision. By prior Order, the court has dismissed from the action two judges involved in the Butler County District Court proceeding, along with the plaintiff's court-appointed counsel and the former governor of Kansas. This ruling was based in part on the determination that the court should abstain from inserting itself into ongoing state child custody proceedings, consistent with *Younger v. Harris*, 401 U.S. 37 (1971).

The action is now before the court on three motions. First, defendants Don Jordan, Debra Maier,[1] Jennifer Wiebe, and Loresa Lewis have moved for dismissal of the action under

---

[1] In the Complaint, plaintiffs have identified this defendant as "Debra Maaeir."

Fed.R.Civ.Pr. 12(c) for failure to state a claim and for improper service. (Dkt. 104). Second, defendants Butler County Attorney Darrin Devinney and Assistant County Attorney Cheryl Pierce have moved for judgment on the pleadings under Rule 12(c), or in the alternative for summary judgment. Finally, the plaintiffs have filed an appeal from the decision of the United States Magistrate Judge (Dkt. 115), arguing that the Magistrate Judge erred in refusing to authorize immediate discovery and order production of state court records.

The Motion to Dismiss filed by Jordan, Maier, Wiebe, and Lewis is hereby granted. Jordan is the director of the Kansas Department of Social and Rehabilitational Services; the other defendants are SRS social workers. These defendants argue (1) that the Complaint (Dkt. 1, at ¶ 8-9) fails to identify any conduct demonstrating the denial of any constitutional right, (2) that they are entitled to qualified immunity as to the plaintiffs' vague allegations, (3) that they are entitled to quasi-judicial immunity, (4) that the action is time-barred, (5) *Younger* abstention, and (5) failure to properly serve the defendants consistent with Fed.R.Civ.Pr. 4(e) and K.S.A. 60-304(a).

The court will grant the SRS defendants' Motion to Dismiss. First, as noted in its prior Order, the State of Kansas has a legitimate and strong interest in the resolution of the underlying child custody proceedings, and plaintiffs have failed to demonstrate that they will not be able to obtain all appropriate relief in the state courts. Accordingly, the court will abstain from resolution of the plaintiffs' claims. Second, plaintiffs have failed to show any particular action by the SRS defendants which worked a constitutional deprivation. Third, they have failed to bring their actions against the SRS in a timely fashion, given that the initial removal of the child from plaintiffs' custody occurred in September of 2006. Fourth, the court finds that plaintiffs never properly obtained service on the SRS defendants.

Brown and Woodward have supplied no response to the Motion to Dismiss of defendants Devinney and Pierce, which is grounded on absolute and qualified immunity, as well as *Younger* abstention. The defendants' motion is granted for good cause shown and pursuant to D.Kan.R. 7.4.

Finally the court will deny plaintiffs' appeal from the decision of the Magistrate Judge. The Magistrate Judge denied the plaintiffs' separate Motion for Discovery (Dkt. 74), explicitly finding that the plaintiffs had failed to serve any prior discovery requests to the defendants, and had not "followed any of the rules of civil procedure for compelling discovery." (Dkt. 115, at 3). The Magistrate Judge reiterated this finding as to the motion seeking production of state court transcripts, stating that the motion "fails to comply with any of the federal rules of civil procedure concerning discovery requests and motions to compel." (*Id*. at 5).

In reaching this conclusion, the Magistrate Judge explicitly agreed with defendants' arguments that the motion to compel was advanced without any accompanying briefing, as required by D.Kan.R. 7.1, and without any certificate of an attempt to confer with opposing counsel prior to filing the motion as required by D.Kan.R. 37.2. (Dkt. 78, at 2-3). The plaintiffs' appeal simply repeats the putative relevance of the requested evidence — showing that "the state ... kidnaped their child without proper due process [yet] kept all their bogus activity ... a state secret," (Dkt. 116, at 3), making no attempt to excuse the failure to comply with Rules 7.1 or 37.2.

IT IS ACCORDINGLY ORDERED this 8th day of July, 2011, that the defendants' Motions to Dismiss (Dkt. 104, 113) are granted; plaintiffs' Appeal of Magistrate Judge Decision (Dkt. 116) is denied.

s/ J. Thomas Marten  
J. THOMAS MARTEN, JUDGE