IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

J<small>AMES</small> W. W<small>OODWARD AND</small>
D<small>ESTINY</small> B<small>ROWN</small>,

    Plaintiffs,

    vs.         Case No. 09-1410-JTM

DCCCA I<small>NC</small>., <small>ET AL</small>,

    Defendants.

MEMORANDUM AND ORDER

  This matters is before the court on two motions. First, defendants Tri-County CASA, Inc., DCCCA Inc., Marrylee Armstrong, Kelly Elliott, Janett Jacobs, Leslie Jensby, Tanya Lynn, David McElhiney, Carmel Poor, Phyllis K. Webster, and Gail Kristine Wilscam have moved to dismiss the claims of Brown and Woodward on multiple grounds, including *Younger* abstention, failure to state a claim, statute of limitations, 28 U.S.C. § 1915(e)(2)(B), and (as to defendants Tri-County CASA) statutory immunity pursuant to 42 U.S.C. § 14501 and K.S.A. 38-2206(b). (Dkt. 120). Brown and Woodward have filed no response to the Motion to Dismiss.

The plaintiffs have, however, filed a Motion for Leave to File a Motion for Reconsideration Out of Time. (Dkt. 125). The plaintiffs seek both reconsideration of the court's prior Order dismissing defendants Maier, Wiebe, and Lewis, and alternatively, a stay of the proceedings.

The plaintiffs' motion is hereby denied. Plaintiffs have failed to show just cause for their delay in timely filing with the Clerk of the Court a response to the Motion to Dismiss of defendants Wiebe, Maier, and Lewis. Further, such leave should not be granted where the effect would not alter the result.

Motions to reconsider under Fed.R.Civ.Pr. 59(e) may be granted to correct manifest errors, or in light of newly discovered evidence; such a motion is directed not at initial consideration but reconsideration, and is appropriate only if the court has obviously misapprehended a party's position, the facts, or applicable law, has mistakenly decided issues not presented for determination, or the moving party produces new evidence which it could not have obtained through the exercise of due diligence. *Anderson v. United Auto Workers*, 738 F.Supp. 441, 442 (D. Kan. 1989). A motion to reconsider is not "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. GMC*, 846 F.Supp. 1482 (D.Kan.), *aff'd*, 43 F.3d 1484 (10th Cir. 1994).

The resolution of the motion is committed to the sound discretion of the court. *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988). In their latest motion, the plaintiffs simply reiterate arguments as to abstention and limitations which have been previously rejected by the court. Accordingly, the plaintiffs' Motion for Leave is hereby denied.

In addition, the court hereby grants the Motion to Dismiss of the Tri-County CASA defendants, both on the merits and as an unopposed motion pursuant to D.Kan. Rule 7.4. In their Motion for Leave, the plaintiffs repeat their previously rejected abstention and limitations argument, and ask that the court should "reconsider the dismissals for the [Wiebe] defendants and any future dismissals by any of the remaining defendants for cause." (Dkt. 125, at 4). Plaintiffs make no mention of the Motion to Dismiss of the Tri-County CASA defendants.

D.Kan. Rule 7.1 requires that "a party opposing a motion must file a *responsive* brief or memorandum." The generic, pre-emptive request that the court deny "any future dismissals of the remaining defendants," without directly referencing the specific motion of a given defendant, or engaging the arguments advanced by that defendant, is clearly not a responsive pleading in any meaningful sense. In addition, it may be noted that the Motion for Leave, while repeating arguments as to abstention and the statute to limitations, contains no reference to the defendants' arguments as to the failure to state a claim or

3

statutory immunity. Accordingly, the Motion to Dismiss of the Tri-County CASA defendants is accordingly properly granted pursuant to D.Kan. Rule 7.4.

In addition, that motion is also granted on the merits. The court has previously determined that the issues relating to the custody of the plaintiff's daughter was subject to both abstention and dismissal under the relevant statute of limitations (Dkt. 118), and the court finds no basis to reach a different conclusion as to these defendants, or for delaying entry of judgment in their favor.

IT IS ACCORDINGLY ORDERED this 23rd day of August, 2011, that the defendants' Motion to Dismiss (Dkt. 120) is hereby granted; plaintiffs' Motion for Leave (Dkt. 125) is hereby denied.

S/J. Thomas Marten
J. THOMAS MARTEN, JUDGE
